### CHRISTY BELVERMAN v. THE STATE.

It devolves on the State, in a prosecution for cutting and carrying away timber off land not the defendant's own, to prove that the land was not the defendant's.

There are two ways in which this proof may be made: 1st. By evidence of possession; which is sufficient evidence of title, as against a mere trespasser. 2nd. Evidence of title.

The State is not supposed to be in possession of the evidence of title; but the owner is supposed to be known. If he resides in the county he may be made to produce the required evidence, by a *subpoena duces tecum*; if not, recourse may be had to certified copies from the records of titles, as the next best evidence within the reach of the State.

*Prima facie* proof is all that is required, to throw on the defendant the *onus* of proving the license of the owner, or a superior right or title in himself.

And to make out such *prima facie* proof, it will not be necessary for the State to prove a derivative chain of title from the Government; but the production of a deed, or other written *evidence of title*, will be sufficient.

Mere hearsay is not only not the best, nor even secondary evidence; it is no evidence.

Appeal from Brazoria.   Tried before the Hon. Nelson H. Munger.

The material facts are stated in the Opinion.

*P. Mac Greal*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The defendant was indicted, under Art. 493 of the Digest, for cutting and carrying away timber off land not his own. The State offered to prove by a witness, that one Perry was the owner of the land. The defendant objected to the evidence, as incompetent. The Court overruled the objection, and permitted the witness to testify to his knowledge of the ownership ; which was derived from the declarations of Perry and others, and from having seen the title deeds. The defendant was convicted and appealed.

It devolved on the State to prove that the land was not the defendant's own. This she proposed to do by proof that it belonged to another. There are two modes in which this proof may be made : 1st. By evidence of possession ; which is sufficient evidence of title, as against a mere trespasser. 2nd. Evidence of title. Where there is not possession, there must be some evidence of title ; and this can only be by the production of the title deeds or other written evidence of proprietorship. Where it becomes necessary to prove the ownership of a third person, to make out the offence, it, like every other fact, must be proved by competent means. It is unlike the case of an assault upon a slave. There the ownership is not an ingredient in the offence. The averment is mere matter of description, and need not be proved. (Nix v. The State, 13 Tex. R. 575.) Here it is an essential ingredient in the offence. The only principle upon which the State can be held to less strictness of proof, than the owner would be, in an action for the civil injury, is, that the State is not supposed to be equally in possession of the means of proof. Less strictness is therefore required. But this does not dispense with the necessity of resorting to competent means to make the proof ; or warrant the admission of evidence which is wholly incompetent, in any case, to prove the fact. The State is not supposed to be in possession of the evidences of title ; but the owner is supposed to be known. If he resides in the county, he may be made to produce the required evidence, by a *sub-*

*poena duces tecum ;* if not, recourse may be had to certified
copies from the records of titles, as the next best evidence
within the reach of the State.   *Prima facie* proof is all that
is required, to throw on the defendant the *onus* of proving the
license of the owner, or a superior right or title in himself.—
And to make out such *prima facie* proof, it will not be neces-
sary for the State to prove a derivative chain of title from the
Government; but the production of a deed, or other written
evidence of title, will be sufficient.   Less than this will not
suffice ; for nothing less, in the absence of proof of possession,
is competent, in any case, to prove title.   Proof of having seen
the title deeds would be evidence of their existence, and would
of course be admissible to prove title, if their non-production
was properly accounted for.   But mere hearsay is not only
not the best, nor even secondary evidence : it is no evidence.

We are referred by the Attorney General to the case of
Welch v. The State, (11 Tex. R. 368,) as an authority in sup-
port of the ruling of the Court in this case.   But it will be
seen, that in that case, the defendant had admitted the owner's
title : and the necessity of other evidence of title was held to
have been rightly dispensed with, expressly on that ground.—
Unquestionably a party may be convicted on his own confes-
sions or admissions : and such was the case referred to.   We
are of opinion that the Court erred in admitting the testimony
of the witness to prove title in Perry ; and that the judgment
be therefore reversed and the cause remanded.

Reversed and remanded.