## CHAS. H. ODELL v. THE STATE.

### No. 2646. Decided December 3, 1902.

**1.—Theft—Evidence as to Value.**

On a trial for theft of "field glasses" alleged to be of value over $50, it was permissible to prove by the owner that he had paid $58 for them; and by another witness, that while he did not know the market value in the county, he knew the market value was the same everywhere and they were worth from $50 to $60, and could not be bought anywhere for less.

**2.—Same—Evidence as to Testimony Agreed to.**

On a trial for theft it was competent to introduce the written testimony of a witness which had been signed by him, the county attorney, the defendant, and approved by the judge with the understanding and agreement that it should be read as the testimony of said witness, he having gone home after signing it. The defendant, by making said agreement, waived his right to be confronted with the witness.

### 3.—Same—Confession.

It was no objection to the admission of the written testimony above referred to, that it indicated a confession of defendant while in jail, in that it contained an agreement by defendant that he had sent to the witness' place of business a similar glass to the one in question, it not being shown that the instrument sent by defendant to the witness was the stolen one, and that it was not shown that the confession was made in jail.

### 4.—Continuance.

A continuance was properly refused for witnesses to prove that the instrument (the field glasses) were below $50 in value when old; the witnesses, with one exception, who testified, placed the value at over $50 in the market anywhere.

### 5.—Theft—Allegation and Proof of Ownership.

Where the property stolen was in a grip left by the owner in the office of a hotel, no one being present in said office but defendant, the possession was properly alleged and proved to be in the real owner, and the court properly submitted the case upon this count in the indictment.

Appeal from the District Court of Bosque. Tried below before Hon. W. Poindexter.

Appeal from a conviction of theft of property of over $50 in value; penalty, two years imprisonment in the penitentiary.

The testimony shows, that the stolen field glasses were left by A. Murck, the owner, in his grip, which he deposited in the office of the hotel at Meridian. Defendant was the only person in the office at the time, he being a guest in the hotel. Murck missed his glasses when he opened his grip upon reaching home in Clifton. Defendant pawned a pair of field glasses a few days thereafter at Waco, which he subsequently redeemed, and subsequently sent them to the house of J. M. Chappel. The sheriff recovered the glasses and they were identified by and returned to the owner.

*Hugh J. Cureton,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for theft of property over the value of $50, the punishment being confinement in the penitentiary for a term of two years. The particular piece of property taken was an eight-power Baush-Lomb-Zeiss binocular, "commonly called field glasses." Murck, the alleged owner, had stopped at the Duncan Hotel in Meridian. Coming down from his room in the morning he brought his grip, in which the stolen instrument was contained, and left it in the office of the hotel, and went out in town. At the time he left it, no one was in the office. Shortly afterwards he returned to the hotel; thence to his place of residence at Clifton, some miles away from Meridian. Upon reaching home and opening his grip for the first time, he discovered his loss. Appellant was subsequently arrested for the theft.

Upon the trial witness Murck was asked what he gave for the instrument alleged to have been stolen, and, over appellant's objection, was permitted to state $58. Objection was reserved, because immaterial

and prejudicial. Another bill was reserved to the court permitting State's counsel to ask Studer, after he had stated that he did not know the market value of field glasses of this make in Bosque County, if he knew the value of such instrument in Waco, McLennan County, and was permitted to testify that they were worth from $50 to $60. The same objections as in the former bill were urged. The court explains this bill by stating that while the witness testified he knew nothing of the market value in Bosque County, he knew the market value of these glasses was the same everywhere; that they were strictly standard glasses, and the highest priced glass in the market, and could not be bought anywhere for less than the price named. This testimony was admissible on the issue of value.

Dr. Chappel was brought from a distant county as a witness in behalf of the State, and, being anxious to avoid detention at court entered into an agreement with defendant as to what his testimony would be, which testimony is fully set out in the written agreement signed by himself, the assistant county attorney, the defendant, and approved by the judge. The distinct agreement was that Chappel's evidence as set out in the agreement, should be used in lieu of his verbal testimony before the jury; and that he stated all he knew in regard to the case. Chappel immediately left. On the trial appellant objected to the introduction of the evidence, because he had a right to be confronted by the witnesses against him, and because an extract from this testimony indicated a confession. This extract is as follows: "That within my knowledge I do not know whether defendant bought or sent said binocular to our house, but he told me this morning he sent one there." In support of his first proposition, appellant cites Cline v. State, 36 Texas Crim. Rep., 320. Defendant may waive his right to be confronted with the witnesses against him, as he can waive many other questions. The Cline case is not in point, and was not discussing the question of waiver, but expressly disclaimed even the consideration of that question. The Cline case only decided that the constitutional rule will be enforced when the defendant asserts his right. The other matter complained of in the agreement is not shown to have been made while in jail. The fact that he made an agreement while in jail does not show that the confession was made in jail. But if, as a matter of fact, he agreed that he had sent to Dr. Chappel's business place a similar glass to that in question, still, under the circumstances of this agreement, it could be used. The evidence in fact does not show that the instrument Chappel refers to as sent by appellant to his place of business was that stolen. On the contrary, the State relied upon the identification of a different instrument sold by appellant in Waco as the one that was stolen. We believe this agreement was properly admitted under the circumstances.

Continuance was sought on account of the witnesses Levinski, of Waco, and Hofner, of Hillsboro. Each of these absent witnesses was expected to prove the same fact, to wit, the value of the instrument as being below $50. Levinski was summoned too late to reach the trial,

but his affidavit is attached to the motion for new trial, in which it is apparent that he would not have testified as appellant expected, but, on the contrary, that an instrument of that character and make was worth decidedly in excess of $50. In fact, the evidence shows, with the exception of one witness, introduced by defendant, that an instrument of the particular make, size, and character of the one stolen was worth anywhere from $50 to $75. The alleged owner testified that he paid $58 for it from the manufacturer. The difference in value as stated by the witnesses seems to have been to some extent, if not altogether, reconcilable upon the theory that some of the witnesses spoke of the value in the retail market and others were speaking of its value either at wholesale or at the place of manufacture. But all the witnesses except one agree that the instrument in question was worth above $50 in the market anywhere, and some of them testify emphatically that it was worth more than $50 in Bosque County. So the continuance, in the light of the record, was properly refused.

There is also a question raised as to a variance in regard to the allegation and proof of ownership. There were two counts in the indictment; the first charging ownership in the real owner, Murck, and the other in Duncan, the proprietor of the hotel. A sufficient statement in regard to the possession being in Murck has already been given. Duncan testified that he was not present at the time Murck left his grip and property in the office of the hotel, but that one of his sons usually looked after the baggage of his guests. It is contended that by reason of this statement the possession was shown to have been in Duncan's son. In answer to this it is sufficient to state that the son was not shown to have been present, or had anything to do with the property of Murck one way or another. The evidence was positive, so far as Murck is concerned, that at the time he left the grip which contained the stolen instrument no one was present, and there is not a word of testimony going to show that Murck ever parted with the possession of his property to any one about the hotel. The contention that it was in the possession of the son instead of the father has no merit. The son, under the circumstances, if it was in his possession, occupied the same relation as a servant to the father, and was under his control and supervision; and the possession of the son would be the possession of the father, under the unbroken line of authorities. Frazier v. State, 18 Texas Crim. App., 434; Bailey v. State, Id., 426; Littleton v. State, 20 Texas Crim. App., 168; Clark v. State, 23 Texas Crim. App., 612. The court submitted the first count, which alleged the possession in the real owner, and under the facts adduced on the trial this was clearly correct. While the case is one of circumstantial evidence, the facts are amply sufficient to justify the verdict.

The judgment is affirmed.

*Affirmed.*