## EX PARTE F. L. CLOPP.

No. 11636.    Delivered February 8, 1928.

**1.—Habeas Corpus—Seeking Discharge From Custody—Remanded.**

The appellant was convicted in the District Court of Rockwall County of driving an automobile upon a public road while intoxicated and his punishment fixed at a fine of one hundred dollars. The record fails to show that such fine and costs have been discharged by payment of same, or

otherwise, and the judgment remanding him to the custody of the sheriff is affirmed.

**2.—Same—Driving an Auto While Intoxicated—A Felony.**

While the punishment affixed by the state is by imprisonment in the penitentiary or by a pecuniary fine, this offense is a felony without regard to the punishment assessed.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from an order remanding appellant to the custody of the sheriff until the judgment of a fine of $100 assessed against him is discharged. Affirmed.

The opinion states the case.

*H. M. Wade* of Rockwall, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Upon the hearing of an application for habeas corpus, sought to relieve the appellant from restraint and confinement under and by virtue of a judgment and sentence for the felony offense of driving an automobile upon a public road while intoxicated, appellant was remanded to the custody of the Sheriff of Rockwall County, and brings this appeal.

From the statement of facts it appears that appellant was convicted in the District Court on October 26, 1927, and his punishment fixed at a fine of one hundred dollars. There is some reference in the statement of facts to an affidavit made by appellant of his inability to pay the fine and costs, but said affidavit does not appear in the record anywhere. The testimony of the sheriff and his return shows that he has appellant in custody under said judgment and sentence.

Appellant briefs this case upon a mistaken idea. He asserts that he was indicted for a felony and convicted of a misdemeanor. Such is not the case. The conviction was for a felony, and sentence was pronounced for the same offense. We are unable, from the meager record before us, to determine whether appellant was wrongfully remanded or not. There is some statement in appellant's brief about much of the costs having been paid, but same finds no support otherwise than the statement in the brief. There is nothing by which we may be informed as to the amount of the court costs, and we cannot tell from the record whether appellant has been in custody a sufficient length of time to have discharged the fine and costs.

In the absence of some facts discharging the burden upon appellant to show his illegal confinement, we assume the correctness of the action of the court below in remanding appellant.

The judgment is affirmed.

*Affirmed.*