## M. L. LIGHTFOOT V. THE STATE.

No. 15275. Delivered June 1, 1932.
Rehearing Denied March 15, 1933.
Reported in 58 S. W. (2d) 81.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, five years in the penitentiary.

This is the second appeal of this case. The former appeal will be found reported in 35 S. W. (2d) 163.

From the standpoint of the state the following were the facts: Mr. and Mrs. Green ran the Reed Filling Station in Glasscock county on August 23, 1929. About 4:30 a. m. they heard some one talking, and Mr. Green got up and went to wait on said parties. There were two men out there, one of whom was positively identified as this appellant. Mr. Green said that appellant walked up to him, stuck a six-shooter in his breast, and told him to "stick 'em up." The other man took a flashlight from Mr. Green, walked into the house, and went into the cash register, getting therefrom something over ten dollars.

Appellant was holding the pistol on Mr. Green while his companion got the money. Green identified appellant both by his appearance and by his voice.

Appellant introduced several witnesses who testified that they were acquainted with his good reputation for truth and veracity, and also for being a peaceable, law-abiding citizen, and that same was good. Appellant took the stand and testified that he was not at the Reed Filling Station on August 23rd, and that he did not participate in the robbery of Mr. Green. He admitted that he had passed said filling station about a week before the robbery and one Oberlechner was with him.

We find in the transcript a number of bills of exception. In the first and second of said bills complaint is made of the fact that Mr. Green was permitted to testify that some little time after the robbery he saw a man in Sterling City whom he then identified by his appearance and voice as being the party who was with appellant on the occasion of the robbery, and that he then learned the name of said party was Oberlechner. We do not think the admission of this testimony any violation of the rule rejecting testimony of conversations and transactions between other parties out of the presence of the defendant, or subsequent to the occurrence. We have been unable to perceive any possible injury, or ground of complaint of this testimony. It was not offered against Oberlechner, but upon the trial of this appellant. There was no question pertinent to the guilt of this appellant which could be strengthened or weakened by the admission of the testimony. We think the testimony admissible; but if there be any doubt thereof, it was of no possible harm.

Bill of exception No. 3 complains of the following occurrence: It sets out that while Mr. Green was testifying he was asked by defense counsel if Mr. Durham was district attorney at the time of prior trials of this appellant for this offense, and the witness answered that he was. He was then asked as follows: "He told you to tell the jury all that occurred there that night (referring to the night of the alleged robbery)?" It is then set out at great length that the witness did not upon the former trials identify Oberlechner as the man who was with the appellant, and did not then claim he had afterward recognized or identified said Oberlechner. As far as we can understand this bill of exception, it seems to be appellant's contention that the admission of said testimony would have a tendency to impeach Green. We fail to see that such facts set out would in any wise be an answer to the question propounded by appel-

lant's counsel. We are further of the opinion that such attempted impeachment, if any, would be upon an immaterial matter. See section 173, Branch's Ann. P. C.

Appellant complains in two bills of exception that two of his witnesses were asked and compelled to answer, upon cross-examination, that they were upon appellant's bond. The identical question was passed upon adversely to appellant in Mobley v. State, 89 Texas Crim. Rep., 651, in which it was held that it was permissible to show bias of a witness by proof by him that he was on the bond of the accused.

Bill of exception No. 6 sets out that appellant asked his witness, who had testified to his reputation for truth and veracity, whether or not he considered the accused a man worthy of belief on oath. On cross-examination the state asked this witness if he would consider appellant worthy of belief in a case wherein he was charged with robbery. The bill shows that the witness did not give any answer to the question. We do not perceive anything in the mere asking of the question, of such prejudicial character as to call for a reversal.

Another bill complains of the refusal of a special charge seeking to have the jury told that unless the witness Green was put in fear of death or serious bodily injury at the time of the alleged robbery, the jury should acquit. The indictment charged all of the elements of robbery, viz., by assault, by violence, and by putting in fear, etc. The special charge requested was manifestly improper, and its refusal not error.

There was no error in refusing a special charge seeking to have the jury told that they could not convict appellant if the money taken was taken from the possession of the wife of Mr. Green. Mr. and Mrs. Green were both present at the time, she being in the room where the money was taken while her husband was on the outside. Under these facts it was proper to allege the ownership and possession in him, and not necessary to prove the property was taken without the consent of Mrs. Green.

In his argument to the jury the state's attorney said: "I say to you that the defendant did hold up that filling station." The bill presenting the complaint is qualified by the statement that the state's attorney further said: "Of course, Gentlemen, my argument is based wholly on the evidence in the case." We find nothing in appellant's exceptions to the court's charge.

Believing the record to manifest the fact that appellant had a fair and impartial trial, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—S. L. Green operated the Reed Filling Station. Very early in the morning a car came and Green heard two men talking. As he walked to the gas stand to unlock it, Lightfoot stuck a six-shooter in Green's breast and told him to "stick 'em up." Green obeyed the command, and at that moment noticed that there was another man standing behind the gas tank. The man took the flash-light from Green's possession, entered the house, and got the money from the cash register. Green could not see the man who went in the house clearly enough to recognize him from his appearance. He did see Lightfoot and recognized him from his appearance as well as from his voice. After taking the money from the cash register, the man asked Green where the other money was to be found and was told that there was none. Lightfoot then got in the car, stuck his gun in the side of Green, and the two drove off together. Green said that he permitted the money to be taken because he was powerless; that a gun was pointed at him and his hands were up; that he was afraid that he would be shot. Lightfoot was not in the shadow as the moon was shining brightly.

Bill No. 3, as prepared by appellant's counsel, attempts to challenge the ruling of the court in its limitation of the cross-examination of the prosecuting witness Green; it being his contention, as set out in the bill, that he would have been able to show during the cross-examination that Green, in his testimony, made answers on the former trial which were conflicting with those upon the present trial touching the recognition of Joe Oberlechner. In qualifying the bill, the court states in effect that on the former trial the matter of the identity of Oberlechner was not made a subject of inquiry from the witness Green.

The contentions brought forward in bills of exception Nos. 4 and 5 is that there was error in the reception of evidence that a character witness introduced by the accused who gave testimony favorable to him might, on cross-examination, testify that he had signed the appearance bond for the accused. The same question has been before the court and decided adversely to the appellant's contention in the case of Sims v. State, 45 S. W., 705. See, also, Mobley v. State, 89 Texas Crim. Rep., 647.

In Bill No. 6 it appears that the character witness for the appellant testified that he had known the accused for many years; that his reputation was good; that he was a man worthy

of belief upon oath. The district attorney propounded to the witness this question: "In a case where he is charged with robbery, would you say in a case like that he was a person worthy of belief?"

There was no answer made to the question. We think the bill fails to show any such misconduct of the district attorney as would warrant a reversal of the judgment. There was no request made by counsel to disregard the question.

The evidence seems conclusive that a robbery was committed. A pistol was exhibited in a threatening manner and Green said he was afraid that he would be killed. We perceive no error in refusing to instruct the jury that unless Green was put in fear of death or serious bodily injury, there should be an acquittal. This refers to bill of exception No. 7.

It is not thought that the facts developed call for an instruction to the jury to acquit the appellant if the money was taken from the possession of Mrs. S. L. Green. Mrs. Green was the wife of S. L. Green. Both the husband and wife were present at the filling-station at the time of the robbery. Mrs. Green testified that a man pointed a pistol at her, which caused her to become excited to some extent. She usually counted the money but did not know whether she had done so that day or not. The indictment charged that the robbery was of S. L. Green, and the evidence supports that averment. The fact that Mrs. Green had an interest in the money and was present at the time is not regarded as supporting the claim of the appellant that the instruction mentioned was demanded by the law. The opinion of this court in the case of Smith v. State, 53 Texas Crim. Rep., 643, and those cited therein, are deemed in point in support of the action of the court in refusing to give the requested instruction mentioned. See Greenwood v. State, 84 Texas Crim. Rep., 549; Manley v. State, 69 Texas Crim. Rep., 169, see page 175.

Bills of exception Nos. 1 and 2 relate to the same subject-matter, namely, the testimony of the witness Green identifying the person who acted with the appellant in the commission of the robbery. The witness Green testified that some six or eight days prior to the night of the robbery the appellant and another man had stopepd at the filling station operated by the witness and had gotten some gasoline. Green said that since that time he had seen the man who was with Lightfoot on the occasion mentioned. He was described by the witness, who stated that he heard the man talk and recognized his voice. The witness also testified that he subsequently learned that the name of the man was Oberlechner. Objection to the testimony of Green

to the effect that he recognized the companion of the appellant on the occasion mentioned was opposed. The admissibility of that part of the testimony affirming the recognition of a man by the voice is not deemed open to serious question.

The term "hearsay," in its legal sense, denotes that kind of evidence which does not derive its value solely from the credit given to the witness himself, but rests also in part on the veracity and competency of some other person. Hearsay evidence implies the possession of information rather than the possession of knowledge. Hearsay is synonymous with report. There are recognized exceptions to the rule excluding hearsay evidence. These are enumerated in Greenleaf on Evidence, and other writers on the subject. See Words & Phrases, 1st Series, vol. 4, p. 3238; Words & Phrases, 3rd Series, vol. 3, p. 1055; Tex. Jur., vol. 18, p. 113, sec. 56. The principle stated was illustrated and applied by this court in the opinion of Presiding Judge Davidson in the case of Davis v. State, 68 Texas Crim. Rep., 400. Many other cases might be cited.

The word "learned," as used in the testimony, is synonymous with the word "informed"; that is, having received information. See Words & Phrases, 1st series, vol. 5, p. 4042; Ency. of Law & Proc., vol. 25, p. 170, and cases cited in the notes; also, Webster's New International Dictionary, p. 1228, and Wharton's Cr. Ev. (10th Ed.), vol. 1, p. 446, sec. 220. When not coming within some of the well-defined exceptions to the rule authorizing hearsay testimony, the decisions of this court condemning its use are numerous and definite.

From Tex. Jur., vol. 18, p. 118, sec. 58, the following is taken: "While it is sometimes difficult to determine in the circumstances presented whether the offered evidence is or is not hearsay, if the witness states that he 'had heard' or 'learned' or 'was told' or 'had been informed' of a certain matter, the hearsay character of such testimony is apparent upon its face and ordinarily it will be held inadmissible." Many cited precedents illustrate the soundness of the announcement.

From Corpus Juris, vol. 16, p. 625, the following is quoted: "Evidence of the name by which a person or place is known is not within the rule excluding hearsay evidence; but neither the true nor an assumed name of a person, nor the fact that he has assumed a name, may be proved by the testimony of a witness as to what a third person has told him."

To justify the reception of hearsay evidence, it is essential that it come within one of the exceptions permitting its use. These, as classified in Greenleaf's work on Evidence, apparently are regarded by all writers on the subject as fixing a limitation

upon the use of hearsay evidence. See Greenleaf on Evidence (13th Ed.), secs. 90 to 183, inclusive. See, also, Words & Phrases, 1st Series, vol. 4, p. 3228; Words & Phrases, 3rd Series, vol. 3, p. 1055. Diligent search of the writer has failed to discover any instance or principle which sanctions proof of the name of an individual by the mere statement of another that he has been told or informed that the name of the individual is so and so. The extent to which the books have gone is illustrated in the section of Corpus Juris quoted above.

The value to the state of the identification of the alleged companion of the appellant at the time of the robbery is obvious. Testifying in his own behalf, the appellant admitted that he had been in the community in company with another man, but denied that he had, at any time, been at the filling station of Green. He stated that he was not there at the time of the robbery; that he had not been there either previously or subsequently. On cross-examination of the appellant, the state adduced from him the statement that the name of the individual who was his companion at the time of his passage through the community was Oberlechner. The state then introduced the opinion of Green that he had subsequently seen the man who was in company with the appellant at the filling station of the witness a few days before the robbery. This opinion, as above stated, was admissible. It was supplemented, however, by proof, over the appellant's objection, that the witness *learned that the name of the man was Oberlechner.* By this *hearsay* statement, Green supported his own opinion touching the identity of the man whom he saw at Sterling City subsequent to the robbery; but the additional statement that the man bore the same name as that which the appellant admitted on cross-examination was his companion in traveling through the country greatly strengthened and corroborated the opinion of Green.

To the writer of this opinion, the reception in evidence of the declaration of Green that he learned that the name of the man was Oberlechner, under the circumstances detailed above, was error, and that the motion for rehearing should be granted. The majority of the members of the court, however, considering the entire record, are of the opinion that the evidence mentioned was not injurious to the appellant and that the motion for rehearing should be overruled, which is accordingly ordered.

*Overruled.*