## JOSEPH V. FIELD V. STATE.

No. 24893. June 23, 1950.
Rehearing Denied October 11, 1950.

*Floyd Duke James,* San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder with malice, with a sentence of ten years in the penitentiary.

Appellant is a deaf mute who was living for a time in the home of his parents. His brother was married and lived with his wife and children in a little house on the same lot but at the rear. The sister-in-law, Mrs. Katherine Field, testified, in behalf of the state, that on December 3, 1949, appellant fired several shots at her, two of which took effect and inflicted serious wounds from which she was hospitalized about twelve days. The doctor who treated her also testified as to the seriousness of the wounds.

The brother of appellant had left home on a business trip and, before doing so, had given his wife a small gun for her protection and told her that if she was bothered to shoot first and talk later. It is indicated that he had in mind trouble from appellant. After dark appellant came to the house in the rear and aroused Katherine Field to answer his call at the door. He gave signs indicating that he was looking for the newspaper. She pointed to the front of the place and gave him to understand that she did not have the paper. He became very angry but left. Some minutes later he returned and so acted that she became frightened. He was knocking on the door and continued to do so until she answered his call. She picked up the pistol and went to the door and waived the pistol at him, directing him to go away. He replied to this by shooting her twice before she succeeded in firing at all. Her shots went wild and she fell to the floor. Neighbors were aroused, the police were called, and she was carried to the hospital.

The foregoing evidence is not disputed by the testimony of any person and is all of the evidence pertinent to the case. Appellant did not testify and there is no evidence in the case whatever calling for a charge on self-defense, or any affirmative defense. The court gave a comprehensive charge which was apparently satisfactory to appellant at the time.

Various efforts have been made to raise some question of law on this appeal. Much of it is so irregular as legal procedure and so unwarranted under the evidence that we do not deem it necessary to take cognizance of it in this opinion. The record contains instruments denominated "Bills of Exception," none

of which are in compliance with law and they cannot be considered.

· The first instrument has what is called Bills of Exceptions Nos. 1 through 7 inclusive. This is a multifarious instrument which we would not know how to pass on. We have examined each section, however, and find no error pointed out in either of them, even if the bills had been in position to be considered.

Bill of Exception No. 8 attempts to make some kind of complaint because the court did not incorporate subpoena record of witnesses in the appeal. This is no bill of exception at all.

The same conclusion is reached as to Bill of Exception No. 9 which appears to complain because "* * * there was failure to produce certain witnesses and evidence for the defense, whereas, several witnesses and neighbors of the said defendant had been duly subpoenaed but failed to appear, whereupon, acting upon motion of defense, the court issued attachments for the absent witnesses, and ordered the baliffs to attach and produce them, but the said witnesses were not produced, and after delay, the defense proceeded to trial, and herein, for the record, states as follows: * * *." The foregoing is followed by statements as to what he expected to prove, none of which is admissible and certainly not helpful to defendant if admitted.

Bill of Exception No. 10 is of similar construction.

We find a lengthy motion for a new trial but the grounds set out present no error requiring the court to grant it. Furthermore, there is an instrument in the transcript stating that he abandons his motion for a new trial and we are unable to determine from the record the purpose in doing so.

There is not a semblance of ground for reversal of the case and the judgment of the trial court is, accordingly, affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that, being a deaf mute, he was denied his constitutional right of being confronted with the witnesses against him because the testimony of the witnesses was not communicated to him through an interpreter, or otherwise, during the trial of the case. He cites the case of Garcia v. State, 151 Tex. Cr. R. 593, 210 S. W. 2d 574, as supporting, by analogy,

his contention. See, also, 14 Am. Jur., Criminal Law, Sec. 181, page 892.

The record before us fails to reflect that appellant made timely request of the trial court for the right hereinabove referred to.

The constitutional right of confrontation may be waived. Garcia v. State, supra; 14 Am. Jur., Criminal Law, Sec. 188, page 897.

It is apparent that appellant has here waived the right of confrontation, which he now insists upon.

The motion for rehearing is overruled.

Opinion approved by the court.