## EX PARTE ARTHUR RAY CLARK

No. 28,739. January 30, 1957.
Relator's Motion for Rehearing Overruled
(Without Written Opinion) March 13, 1957.

Relator represented himself.

*Ramie H. Griffin*, Criminal District Attorney, *James S. McGrath*, Assistant Criminal District Attorney, Beaumont, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a habeas corpus proceeding wherein relator attacks

as void the judgments and sentences under which he is confined in the penitentiary.

The convictions were in criminal district court of Jefferson County, one of which was affirmed by this court in Clark v. State, 289 S.W. 2d 248. The attempted appeal from the other was dismissed in Clark v. State, 289 S.W. 2d 248.

The application for writ of habeas corpus was granted by Hon. Homer E. Stephenson, Judge of the 128th District Court of Orange County, who after hearing the evidence, made the writ returnable before this court as provided in Art. 119 V.A.C.C.P.

The judgment in each conviction contains the recitation that the court heard and considered the pleadings and evidence offered after appellant had waived a jury and pleaded guilty.

The record of the evidence offered upon the hearing is before us.

The presumption is that the trial court's ruling and judgment in a criminal prosecution are correct and that the law was complied with. Ex parte Brewer, 156 Texas Cr. Rep. 369, 242 S.W. 2d 430.

The burden was upon appellant to overcome such presumption and show that the convictions are void and that his confinement thereunder is illegal. Ex parte Clopp, 109 Texas Cr. Rep. 17, 2 S.W. 2d 445.

The basis of appellant's claim that the convictions are void is that the criminal district court of Jefferson County was without jurisdiction because no witness testified and no evidence was offered to sustain his plea of guilty before the court.

The evidence upon the hearing before Judge Stephenson shows that the state offered in evidence upon the trials in Jefferson County the written confession of relator; the customer's draft which relator admitted that he signed, and sworn statements of the prosecuting witnesses.

The record shows that the draft, the statements of the prosecuting witnesses and appellant's confession were admitted without objection.

The record further shows that the attorney appointed by the court to represent relator at his trials waived the right to have the witnesses personally present and agreed that their sworn statements might be used.

It was the testimony of the assistant district attorney who prosecuted the cases that relator personally "waived the hearsay rule and the presence of witnesses to appear and testify against the defendant in each cause."

Relator testified at the hearing and denied that he so waived or that he heard his attorney do so.

In the absence of any other testimony and in view of the burden which rested upon relator to establish that his confinement was illegal, we must hold that relator personally waived the right to have the witnesses against him appear in person and agreed that their sworn statements might be used.

Relator in person and by his counsel having waived the right to be confronted by the witnesses against him in order that he be afforded the opportunity of cross-examination, and no objection having been offered to the draft, the sworn statements of the prosecuting witnesses or to the confession of relator, they were properly received in evidence in the trial before the court. Villarreal v. State, 162 Texas Cr. Rep. 369, 214 S.W. 2d 464; Ex parte Bruinsma, No. 28692, (Page 358, this volume.)

It is suggested that though the court did not err in admitting the statements, they were of no probative force because they were hearsay.

There is more than one kind of evidence which is commonly referred to as being inadmissible under the "hearsay rule." One is that defined by this court in Lightfoot v. State, 123 Texas Cr. Rep. 176, 58 S.W. 2d 81, as "that kind of evidence which does not derive its value solely from the credit given the witness himself, but rests also in part on the veracity and competency of some other person * * * implies the possession of information rather than knowledge * * * is synonymous with report."

It is this character of hearsay that is excluded under the rule stated in 18 Texas Jur., p. 113, Sec. 56, and it is this information or report called hearsay which is without probative value to establish the truth of the report.

The narration by written statement of a witness to an event is also inadmissible under the so-called "hearsay rule," because (1) it is made without the sanction of an oath and (2) because the witness has not been subject to cross-examination.

The statements introduced by the state are not subject to the first part of the rule because they were sworn to, but the second reason for exclusion applies. McCormick & Ray, Texas Law of Evidence, 1st Edition, Secs. 361 and 363; 2nd Edition, Sec. 787.

The constitutional right of an accused to confrontation and the right to cross-examine the witnesses against him is a right which may be waived. Hancock v. State, 14 Texas App. 392, 401; Odell v. State, 44 Texas Cr. Rep. 307, 70 S.W. 964; Field v. State, 155 Texas Cr. Rep. 137, 232 S.W. 2d 717.

This right having been waived upon the trial in which relator pleaded guilty before the court, the statements constituted evidence of probative force. The affidavits are in the record and were shown to be true. With other evidence adduced, they show relator's guilt and support his plea of guilty.

Relator, having failed to prove the allegation that the judgments and sentences under which he is confined are void, is not entitled to discharge.

The relief prayed for is denied.

DAVIDSON, Judge, dissenting.

Relator was charged in the criminal district court of Jefferson County with two felonies: One, numbered 20338 on the docket of that court, charged felony theft; the other numbered 20339, charged forgery and passing a forged instrument. When those cases were called for trial, relator entered a plea of guilty and waived trial by jury. An attorney, "whose function under such appointment was to advise said defendant of his right to have a jury trial, and to waive a jury in his behalf and at his request," was appointed to represent him. The cases proceeded to trial before the court under the plea of guilty.

To prove relator's commission of the offenses charged, the state relied solely and entirely upon hearsay evidence—that is, ex parte affidavits and statements by the prosecuting witnesses which were taken and made before the grand jury. In addition

to those, there was introduced in each case what purported to be the written confession of the relator.

No witness testified in the trial of either of the cases. No witness to the alleged confessions of relator testified, nor did the person to whom they were alleged to have been made testify, to facts constituting a condition precedent to the receipt in evidence of the confessions.

Upon hearsay testimony, alone, the trial court entered judgment finding relator guilty in both cases and fixing punishment in the theft case at eight years in the penitentiary and fixing punishment in the forgery-and-passing-a-forged-instrument case at confinement in the penitentiary for seven years.

From these convictions, relator gave notice of appeal to this court.

In the theft case, the appeal was dismissed. The judgment in the forgery-and-passing-a-forged-instrument case was reformed so as to adjudicate relator guilty of the crime of forgery. The indeterminate sentence law was applied. (See 289 S.W. 2d 248.)

Under the facts stated, relator contends that the judgments are void because the hearsay evidence was not a compliance with the mandatory provision of Art. 12, Vernon's C.C.P., which requires that in cases where a defendant in a felony case enters a plea of guilty "it shall be necessary for the State to introduce into the record evidence showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

It is the contention of the state that relator's counsel, as well as relator himself, waived any objection to the hearsay testimony and, objection having been so waived, the hearsay evidence was a sufficient compliance with the mandate of the statute above quoted.

As to whether relator personally waived his right to object to the use of the hearsay testimony, a sharp issue of fact developed upon the hearing of the evidence upon this proceeding.

The assistant prosecuting attorney who conducted the trial

of the cases was positive that the relator did personally waive any objection to the hearsay testimony; he admitted, however, in his testimony, that no such waiver was executed in writing.

The relator was equally positive that he did not waive his right to object to the use of the hearsay testimony by the state. The attorney who was appointed for relator testified that he, as his counsel waived the hearsay rule. He would neither admit nor deny that the relator personally waived the hearsay rule.

So, upon this controlling issue of fact, we have direct conflicting statements by the prosecuting attorney and the relator.

So far as I have been able to find, there is not any other testimony which would support the testimony of either the prosecution or the relator.

Upon whom rests the burden of proof in matters of this nature? That is the fact question which must be determined.

It has always been the rule that, in habeas corpus cases such as here, the burden of proof rests upon relator to show his illegal confinement. Ex parte Clopp, 109 Texas Cr. Rep. 17, 2 S.W. 2d 445.

Under that rule, it appears that relator's attack, here, upon the validity of the judgments must be determined upon the hypothesis that he waived the right to object to the use of hearsay testimony by the state to sustain the conviction.

The question, then, for determination here is whether the state, by hearsay testimony alone, may discharge the burden resting upon it to introduce into the record a showing of the guilt of the defendant sufficient to support the conviction. If hearsay evidence be not sufficient to comply with that mandate, then it matters not whether relator waived his right to object to the admission of such testimony, because he could not waive that which the statute required to be done as a condition precedent to a conviction. Ex parte Dooley, 157 Texas Cr. Rep. 57, 246 S.W. 2d 631. Moreover, if relator could waive proof of his guilt—as the statute requires—he did so by his plea of guilty. The statute expressly precludes a conviction upon a plea of guilty, alone. Is hearsay evidence competent evidence, and of sufficient probative value, by which and upon which the guilt of one accused of a felony may be established beyond a reasonable doubt?

18 Texas Jur., Evidence-Criminal Cases, Sec. 56, has this to say with reference to hearsay evidence:

"Rule of Exclusion.—Hearsay denotes that kind of evidence which does not derive its value solely from the credit to be given to the witness himself, but rests also in part on the veracity and competency of some other person. It is a settled rule, applicable in criminal as well as civil cases, that, with few exceptions hearsay is incompetent and inadmissible, even when no better evidence is available. This rule is strictly enforced, for such evidence, if received, would be given without the sanction of an oath and without opportunity of cross-examination. While the rule of exclusion is usually invoked when proof of the hearsay statement is or would be prejudicial to the accused, it also applies when hearsay evidence is offered in his behalf."

In the early case of Belverman v. State, 16 Texas, 130, we find the following:

"Mere hearsay is not only not the best, nor even secondary evidence; it is no evidence."

A compelling reason for the statement that hearsay evidence is no evidence is that it is not and cannot be sworn testimony. No right of cross-examination exists thereto and the person falsely testifying to hearsay testimony would not be subject to the pains of and the penalty for perjury.

To me, it is evident that the legislature had in mind instances such as here presented when Art. 12, C.C.P., was amended to absolutely prevent and prohibit a conviction of anyone, upon his plea of guilty and waiver of trial by jury, by consent, agreement, or waiver, or by anything else short of legal and competent evidence showing the accused's guilt of the offense charged, beyond a reasonable doubt.

If such was the legislative intent, the convictions, here, were not obtained in accordance with law, and they are therefore void.

When the legislature prescribes a definite and fixed rule and method to be followed in the trial of a criminal case, it does not lie in the power of any court to substitute another and different method. To sanction such usurpation of authority would deny to the legislature its constitutional power to enact laws.

The courts cannot and ought not to usurp the legislative function and enter the field of legislation. Society has as much right to demand obedience by the courts to legislative statutory mandate as it does to demand obedience thereto by its humblest citizen.

The convictions in this case were not obtained in accordance with law; rather, they were obtained in open defiance thereof.

In my opinion, the judgments are void. Relator should be discharged from any further imprisonment under the judgments. He should be ordered and delivered into the custody of the sheriff of Jefferson County to await trial under the accusations as though no trial had ever been had.

I recognize that the Villarreal case cited in the majority opinion supports my brethren's position. That case was written before I became a member of this court. I did not participate in or agree to the conclusion there expressed. In my opinion, it is wrong. It ought not to be followed. It ought to be overruled.

The Villarreal case and the disposition here are predicated upon the proposition that the accused in a criminal case can, by waiver, agreement, or non-action, relieve the state of doing that which the state has ordered must be done in order to secure a conviction in a felony case where the accused pleads guilty and waives trial by jury.

When the legislature decreed that "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant," it meant exactly what it said. To be sure that there be no mistake about what it meant, the legislature went further and provided that "in no event shall a person charged be convicted upon his plea of guilty without evidence to support the same."

What right does anyone have to waive the solemn mandates of the legislature of this state? Certainly, there is none. If the relator in this case can dispense with obedience by the state of the law and legislative mandate, then the law of murder and all other laws and their enforcement can be waived and, by waiver, nullified.

The controlling feature of this question of waiver by relator is completely answered by calling attention to the fact that the

relator had no right of waiver. The right of waiver was not within his control. He was not the sole person affected thereby. To the contrary, society has the right, without reference to the right of an individual, to demand that the mandates of the legislature be obeyed by everyone, not excepting the courts of this state. When the legislature laid down the rules by which one is to be convicted of a felony, where he pleads guilty and waives trial by jury, society has the right to demand that those rules be followed and that obedience to legislative authority be maintained and preserved. The relator in this case had no right or authority to waive the state's obedience to the statute.

In this connection, I cannot help but call to mind those cases where men have been deprived of a review of their conviction, upon appeal, because the statement of facts in the case was not filed exactly in accordance with and within the time fixed by the legislature. No one—so far as I know—ever entertained the idea that the state could, by waiver or agreement, authorize consideration by this court of the statement of facts. The reason is obvious: No one has the right to waive obedience to a mandatory statute. The same is true as to bills of exception. Though positive error is evidenced thereby, consideration of bills of exception is denied because some statute or rule is violated or not followed in the drafting or filing thereof.

If the state cannot waive compliance with procedural statutes in the appeal of criminal cases, how much more so should the accused be denied the right to waive compliance by the state of a statutory mandate relative to proof of guilt? Do we have one rule for the state and another for the accused? It looks as if we do.

I respectfully enter my dissent to the order remanding relator to the penitentiary.