**Jose Luis Pena SALAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37588.**

Court of Criminal Appeals of Texas.

Jan. 20, 1965.

Joseph L. Nanus, McAllen, for appellant.

R. L. Lattimore, Dist. Atty., Oscar B. McInnis, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for burglary, with a prior conviction of burglary alleged for enhancement; the punishment, twelve years.

G. D. Swearingen, the owner and operator of a grocery store, closed the store building about 9 P.M., and retired to his

residence approximately one hundred feet from the store. During the night Swearingen heard his and his neighbor's dogs barking. When he opened the store about 7:15 A.M., he found that the building had been entered by pulling off the mesh wire covering a glass window in the front door, removing the glass, and reaching through and unlocking the door. It was determined that a hat, coat, shotgun, transistor radio, groceries, several cartons of cigarettes, and a pillow slip which had been taken from a pillow were missing from the store. Swearingen testified that he did not give his consent to the forcible entry of his store or to the taking of anything therefrom.

The investigation made by Swearingen and Officers Sanchez and Garza reveals that the shoe tracks of three persons were found back of the store, and that the shoe tracks were also found across the road in front of the store in an orchard which had been freshly plowed. They followed the tracks from the orchard, across fields and along and across a canal for a distance of about two miles to a small wooded (brushy) area of about one and a half acres. Along the way, they found some bread, a can of "Treet" with a portion of the meat gone, and cinnamon roll wrappers. In the brushy area they found three persons, one of whom was the appellant, and a part of the items taken from the store, which items were identified by the owner. Officer Garza saw the appellant and another person, described in the record only as a juvenile, sitting on the ground about forty or fifty feet away from a box containing canned food and some cookies. When Officer Garza approached them, the appellant, as he stood up, appeared to have a knife in his hand. The juvenile jumped up and said: "Well, let's not make it any worse than it is. We have already got caught." Then the appellant ran, and Officer Garza took the juvenile into custody. Officer Sanchez went to the other side of the brushy area where he apprehended the appellant as he ran out of the brush. A knife was found between the place where Officer Garza first saw the

appellant and the place he was apprehended by Officer Sanchez. The shotgun was recovered in the brush and identified by Swearingen as being the same one taken from his Store the previous night. The third person was found in the same area hiding under a pile of brush.

The testimony shows that one set of the shoe tracks revealed three ridges across the heel on each shoe, which made a different print from those of the other two persons. The tracks revealing the three ridges were followed from the rear of the store, across the orchard and fields, and on into the brushy area. When apprehended, the appellant was wearing shoes which made tracks with three ridges across the heels. Officer Sanchez placed appellant's shoe into the tracks with the distinctive heel prints and found that they were the same size and had the same ridge on the heel. Appellant and the other two persons were apprehended in the brushy area about 10:30 or 11 A.M.

Proof was introduced of the prior conviction as alleged and of the identity of appellant as the same person so convicted. Also, said conviction was admitted by the appellant, while testifying.

The appellant testified (through an official interpreter) that he lived in Saltillo, Coahuila, Mexico, and came across the river to McAllen and walked on toward Mission, and then north on a road toward a place where he had employment; that while walking he met a boy on the road about 6 A.M.; that he told the boy he was hungry and the boy gave him two small cans of food, which he ate. After walking further for about an hour Officer Sanchez picked him up and took him to a place where another officer had two boys, one of whom was the boy who gave him the canned food; and that he had never seen this boy before 6 A.M. when the boy gave him the two cans of food. The appellant denied entering or being at the store, and also denied threatening any officer with a knife and stated that he did not have a

knife. He further testified that the shoes with the ridges on the heels were given to him while he was in jail by his cousin.

The court charged the jury upon the law as applicable to circumstantial evidence.

■ The facts and circumstances in evidence are sufficient to warrant the finding that the appellant participated in the commission of the burglary of the grocery store; and the evidence is sufficient to support the conviction.

Appellant contends that he was denied due process, that is, he was denied his constitutional right of being confronted by the witnesses against him. He insists for the first time, on appeal, that it was a violation of his constitutional right to fail to have interpreted for him the testimony of witnesses in English, as he was unable to read, write, or speak that language, and was thereby denied the right and privilege of cross-examination.

There was no request at any time that the testimony of any witness testifying against him in English be interpreted for him in Spanish. There was no testimony, although the appellant testified in his own behalf, that he was unable to understand English; and there was no testimony as to whether counsel representing the appellant could or could not make this interpretation for him.

■ The constitutional right of confrontation may be waived. Garcia v. State, 151 Tex.Cr.R. 593, 210 S.W.2d 574; Field v. State, 155 Tex.Cr.R. 137, 232 S.W.2d 717.

■ The contention urged, as presented under the record, reveals no error.

There are no formal bills of exception, no objections to the court's charge, and no requested charges.

The judgment is affirmed.

Opinion approved by the Court.