**Ex parte John Junior MAREZ.**

**No. 43927.**

Court of Criminal Appeals of Texas.

March 31, 1971.

J. Gilbert Shaw, Dallas, for appellant.

Henry Wade, Dist. Atty., and Camille Elliott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07 Vernon's Ann.C.C.P. and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824, in which the petitioner seeks his release from confinement in the Texas Department of Corrections. He was represented by retained counsel at his trial, where he entered a plea of guilty before a jury for the offense of statutory rape and punishment was assessed at fifty years. He was appointed counsel on his appeal; judgment affirmed by this court,

see Marez v. State, Tex.Cr.App., 403 S.W. 2d 410. On appeal, no issue was raised that petitioner could not and did not understand the trial proceedings.

Petitioner challenges his conviction on the ground that he could not read, write, or understand the English language sufficiently to understand the nature of the legal proceedings at his trial or to assist his trial counsel with his defense. He therefore contends that his plea of guilty was void, as he had requested his trial counsel to have an interpreter appointed and said counsel refused or ignored his request.

The present judge of the Criminal District Court No. 3 of Dallas County appointed counsel to represent petitioner on his habeas corpus hearing where the evidence was stipulated. The court entered an order finding that petitioner was deprived of a fair trial in that he was unable to read, write and understand the English language.

In Garcia v. State, 151 Tex.Cr.R. 593, 210 S.W.2d 574, 580, this court said:

"All persons are charged with notice that for crimes committed against the laws of this State, the trial will be conducted in the English language and that for non-English speaking witnesses the law has made provision for the translation of their testimony by interpreters into the English language, with no express statutory provision requiring interpreters for those accused of crime who do not speak or understand the English language."

Thus, the only basis for a trial court providing an interpreter to an accused is because of the constitutional and statutory guarantees of confrontation under the Constitution of Texas and of the United States. See Art. I, Sec. 10, Vernon's Ann.St.Con., and the Sixth Amendment to the Federal Constitution. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

The right to confrontation may be waived and is not fixed or immovable.

Art. 1.14 V.A.C.C.P.; Field v. State, 155 Tex.Cr.R. 137, 232 S.W.2d 717.

In the case at bar, unlike Garcia v. State, supra, there is no showing that petitioner could not and did not understand the English language during his trial. There is no showing that his trial counsel could not and did not communicate in Spanish with petitioner. There were two persons of Mexican extraction, other than petitioner, who testified during the trial; both of whom, as well as petitioner, testified in the English language. By the court reporter's transcription of the original trial, there is not the slightest inkling that petitioner could not and did not understand the proceedings which, of course, were conducted in the English language. His testimony comprises eight pages of the statement of facts; almost ⅕ of the entire proceedings, and all the testimony is in clear, concise, and intelligible English. An example of his answers, as revealed by the record on appeal, is as follows:

"My brother just called her and asked her to go with him and she said okay and they went and picked her up and then we were there at the dance.

* * * * * *

"No sir, I told her that I didn't like that dance and told her brother that we were going to the Blue Room over on Industrial and Eva told me she would go with me. And she told my brother that she didn't like him and I thought she was old enough because I saw her drinking.

* * * * * *

"That is when the first intercourse happened, outside the car and then from there we went to Bachman Lake where the officers—I know there is a sub station there because I have been there in the daytime with my parents on picnics and I just stopped there to get myself sobered up.

* * * * * *

"I was going to take her home and I was too drunk to drive and I could have wrecked and killed her so I pulled off to try to sober up."

Also unlike Garcia, supra, there was no request to the trial judge, either directly or indirectly, by either petitioner or his trial counsel, that an interpreter be appointed. Salas v. State, Tex.Cr.App., 385 S.W.2d 859.

This court is not bound by the findings of the trial court that petitioner was deprived of a fair trial and that he is now unlawfully confined. See Phillips v. State, Tex.Cr.App., 440 S.W.2d 857; Ex parte Bazemore, Tex.Cr.App., 430 S.W.2d 205; Ex parte Carpenter, Tex.Cr.App., 425 S.W. 2d 821; Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

We hold that, under the facts, petitioner's plea of guilty entered with assistance of counsel was a voluntary plea and his confinement is not unlawful. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Ex parte Black, Tex.Cr.App., 457 S.W.2d 919; Ex parte Perry, Tex.Cr.App., 455 S.W.2d 214.

The petition for writ of habeas corpus is denied.