**Ex parte Stanley B. MILES.**

**No. 45055.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Gordon E. White, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order in a habeas corpus proceeding where bail was denied.

The hearing was held December 8, 1971, and the appellant was remanded to custody pending trial for the offense of pandering with two prior convictions for felonies less than capital alleged for enhancement under Article 63, Vernon's Ann.P.C.

Bail was denied under Article 1, Section 11a of the Constitution of Texas, which provides:

"Any person accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor may, after a hearing, and upon evidence substantially showing the guilt of the accused, be denied bail pending trial, by any judge of a court of

record or magistrate in this State; provided, however, that if the accused is not accorded a trial upon the accusation within sixty (60) days from the time of his incarceration upon such charge, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder."

On August 29, 1971, two indictments were presented by a grand jury of Harris County, each charging the appellant with a separate offense of pandering and with each alleging the same two prior felony offenses for enhancement.

On December 5, 1971, the appellant was arrested in Lubbock under the warrants based upon these Harris County indictments.

At the hearing the prior convictions were proved and the appellant was identified by comparison of fingerprints in the records and his known fingerprints taken after his incarceration for the present offense.

Proof of the commission of the primary offenses was by affidavits of two women. These affidavits show that the appellant forced them into prostitution, took the money they made and beat them.

■ Appellant contends that Article 1, Section 11a, supra, is unconstitutional in that it discriminates against a particular class of persons, namely those "theretofore twice convicted of a felony." Undoubtedly this provision singles out this "class" of persons to be treated differently. We would only note that "[a] law is not unconstitutional so long as the unequal treatment of persons is based upon a reasonable and substantial classification of such persons." Ex parte Rubin, Tex.Cr.App., 362 S.W.2d 331.

In Texas, bail may be denied where one is charged with a capital felony and the proof is evident that the accused will probably be convicted and receive the death penalty. Article 1, Section 11, Constitution of Texas.

We have also upheld Article 44.04, Section (h), V.A.C.C.P., which provides that there shall be no bail after a verdict assessing punishment in excess of fifteen years has been returned. See Ex parte Bitela, Tex.Cr.App., 452 S.W.2d 501, and the cases there cited.

■ We hold that the denial of bail to persons who have been charged with a felony offense less than capital with two prior convictions alleged in accordance with Article 1, Section 11a, supra, for a period of sixty days pending trial is reasonable and does not violate constitutional rights against a class.

Appellant contends that the affidavits of the complaining witnesses are insufficient "evidence substantially showing the guilt of the accused," under the constitutional provision. When the affidavits were offered, appellant's counsel objected that they were not the best evidence, and that he was being denied the right to cross-examine the affiants.

The State argues that in habeas corpus proceedings testing the validity of extradition orders, affidavits have been accepted as evidence. This is correct, but generally in extradition proceedings one is entitled to bail pending the hearings. The issue there is whether or not he will return to another state to face trial or serve a sentence already imposed. The issue in the present case concerns bail pending trial.

■ We hold that an accused is entitled to be confronted with the witnesses against him at the hearing under Article 1, Section 11a, supra, before bail can be denied.

The appellant made the proper objection to the affidavits and claimed his right to be confronted by the witness. The ques-

tion of the probative value of affidavits when the right to confrontation has been waived is not before us. See Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128.

The order denying bail is reversed so that bail may be set by the district judge unless a hearing is held without delay with sufficient proof adduced under Article 1, Section 11a, supra, authorizing the denial of bail.