**Ex parte John Junior MAREZ.**

**No. 48070.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Adelfa B. Callejo, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is a habeas corpus proceeding under the provisions of Article 11.07, Vernon's Ann.C.C.P., in which the petitioner seeks his release from confinement in the Department of Corrections.

The petitioner was convicted for the offense of rape after a plea of guilty before a jury in 1965; the punishment assessed was imprisonment for fifty years. On appeal the judgment of conviction was affirmed. 403 S.W.2d 410 (Tex.Cr.App. 1966). A prior writ of habeas corpus was denied. 464 S.W.2d 866 (Tex.Cr.App. 1971). There the petitioner had urged his lack of understanding of the English language and the failure to appoint an interpreter for him had rendered his conviction void.

We now have before us a petition alleging petitioner's conviction is void in that he was denied due process and a fair trial because of ineffective representation by his retained counsel.

A hearing on the petition has been had before the Honorable James B. Zimmer-

mann, Judge of Criminal District Court No. 3 of Dallas County. Following the hearing Judge Zimmermann has made findings of fact and conclusions of law finding that the petitioner is entitled to the relief he seeks. We have reviewed the record and agree.

Judge Zimmermann's findings were that counsel who represented the petitioner was for a period of at least two years prior to the petitioner's trial an alcoholic suffering from organic brain syndrome which was secondary to cerebral arteriosclerosis. There was a further finding that counsel had interviewed the petitioner on only two occasions, one time in the jail and then on the morning prior to the trial. Counsel did not explain and discuss with the petitioner the nature of the charges, the possible defenses, advisability of pleading guilty or not guilty, whether the State had made an offer to plea bargain, the right of trial by jury, the right to remain silent, or the right to have an interpreter. Judge Zimmermann also found that defense counsel "would only try about one case out of a hundred. He . . . tried to keep from trying cases." The trial court further found that the petitioner did not realize that his counsel had entered a plea of guilty for him because the petitioner did not speak or write the English language to a sufficient degree to aid in his defense or understanding of the nature of the proceedings against him without the use of an interpreter.

The evidence upon which Judge Zimmermann's findings were made include the testimony of a psychiatrist for the State who had examined the attorney who represented the petitioner at his trial. The psychiatrist had examined counsel one year after he represented the petitioner. The examination was made after the attorney had been charged with a felony offense, for which he was later convicted. The record also includes testimony of attorneys, a judge and an interpreter of the Spanish language. The attorney is now dead. No evidence in opposition to the petition was offered by the State.

We find the record supports the findings of the trial court.

The judgment of conviction is set aside and the petitioner is remanded to the custody of Sheriff of Dallas County to answer the charge pending against him.

Opinion approved by the Court.