SAM WILLIAMS V. STATE.

No. 25228. April 4, 1951.

*N. Gabriel Nahas, Jr.,* and *Abner L. Lewis,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was adjudged guilty and assessed the death penalty for the murder of his wife, Lessie Williams.

The deceased lived with nine of her children at 3421 Jefferson Avenue in Houston. About 1:30 or 2 o'clock on the morning of July 9, 1950, appellant, who had been separated from his wife for some four months, came to the home and broke a pane of glass in the front door and attempted to open the door by running his hand and arm through the opening made.

He then demanded that Johnell, the nineteen-year-old daughter of appellant and deceased who was in the front room, open the door, and she refused.

Johnell testified for the state. According to her testimony, the deceased was shot twice in the back as she was running toward the kitchen in an attempt to escape through the rear door. Three shots were fired by appellant through the opening made by the breaking of a glass panel in the front door. A fourth shot was fired from the rear of the house after appellant ran from the front porch. The pistol found in appellant's home was shown to be the pistol with which appellant killed the deceased. He had on several occasions in the past threatened to kill his wife.

Appellant's claim that he fired in self-defense was submitted in the court's charge and rejected by the jury.

The appeal is predicated upon two bills of exception which are closely related and may be discussed together.

Bill No. 1 complains of the overruling of appellant's objection to the interrogation of the venireman on voir dire, and recites that counsel for appellant, before such examination began, announced and made known to the court that appellant was totally deaf, and therefore could not hear the interrogation of the veniremen.

Bill No. 2 raises a similar complaint as to the interrogation of witnesses for the state.

It is argued that it was the duty of the trial judge to have the evidence given by the state's witnesses transcribed from the court reporter's notes to be read by appellant before cross examination, and that in a similar manner appellant should have been made acquainted with the answers of the prospective jurors before exercising his right to challenge.

Appellant's contention is that he has been deprived of the right to be confronted with the witnesses against him as guaranteed under the Sixth Amendment to the Constitution of the United States, and by the Constitution of Texas, Art. 1, Sec. 10. He says that he was unable to hear the state's witnesses when they testified and therefore was not "confronted" by them.

The bills were each qualified by the trial court at length, the qualifications to Bill No. 2 reading as follows:

"* * * the court does not certify that defendant's counsel 'made known to the court that the defendant was totally deaf and therefore could not hear the interrogatories to the witnesses against him or their answers to such interrogatories.' Defendant's counsel, before the interrogation of the veniremen on their voir dire, objected to the interrogation of each on the ground 'that the defendant was deaf and therefore could not hear such interrogation,' and stated that the same exception applied to each witness. But neither defendant nor either of his counsel made any request of the court for the court to do anything about it. The court does not certify that the defendant could not hear. Defendant's attorneys seemed to have no difficulty in communicating with the defendant, and made no complaint

to the court that the defendant was not being informed by them of the testimony and the questions and answers being made. The defendant could read and testified orally and readily on the trial, and his attorneys wrote down the testimony on the trial, and communicated to and conferred with the defendant as much and as often as they desired to.

"The court heard evidence upon the hearing of the motion for new trial, and found that the defendant was not without ability to hear, and that his attorneys made no request at any time that the court do anything further than they asked and were granted time to and did write down and pass to the defendant what they had written, and no request was made to the court for any further or other method of communication to the defendant, who had not worn his hearing aid upon the trial.

"No complaint whatever was made to the court that the defendant was dissatisfied or was complaining of the method of communication employed by his attorneys.

"The objection was made before any testimony was heard and not afterwards, and the testimony of the witnesses was communicated to him by his attorneys during the trial, and what he did not hear he could read in the writings shown him by his attorneys. Neither the defendant nor his attorneys requested that an interpreter of any kind be appointed by the court for the defendant."

Appellant's experienced counsel made no suggestion to the court of a better method of communicating the testimony to appellant, and did not except to the qualifications to his bills of exception in the above quoted language.

In Garcia v. State, 151 Tex. Cr. R. 593, 210 S.W. 2d 574, the defendant was unable to understand the English language and requested that the regular court interpreter be required to interpret the testimony into Spanish so that he could understand it. The conviction was reversed, this court holding that the trial court abused his discretion in refusing the request. It was pointed out in the opinion however that the constitutional right to be confronted with the witnesses against him could be waived by an accused.

In Zunago v. State, 63 Tex. Cr. R. 58, 138 S.W. 713, a motion was made that the testimony given in English be excluded

because the defendant was unable to speak or understand the English language.

This court in overruling the bill of exception, complaining of the denial of such motion, said:

"It will be noted that this bill of exception shows that the motion was made after all of the testimony was in. It fails to show that the court was in any way requested before this time to furnish the appellant or his attorneys with any interpreter for any purpose whatever. Doubtless, if this had been requested, the court could and should have granted the request and furnished the defendant and his attorneys with an interpreter, if they or either of them deemed one necessary or proper, and would and should have given a sufficient time for the interpretation of the testimony of any or all of these witnesses and for a consultation between the appellant and his attorneys in everything pertaining to the testimony of these witnesses."

A distinction may well be drawn between an accused who is unable to hear and one who, though hearing, cannot understand because of his being unacquainted with our language. However, we think it clear that in either case it must be shown that some available means of communicating the testimony and proceedings to the accused was suggested to the court and that a request that such means or some other equally efficient means be employed was denied.

In Field v. State, 155 Tex. Cr. R. 137, 232 S.W. 2d 717, appellant, a deaf mute, contended that he was denied his rights under the above mentioned constitutional provisions because the testimony was not communicated to him through an interpreter or otherwise during the trial. Such contention was overruled, this court observing that in the absence of a timely request therefor, the claimed rights were waived.

Under the facts shown in the court's qualifications, and the evidence offered on his motion for new trial, appellant's contention that he was deprived of his right to be confronted by the witnesses against him is not sustained.

The facts are sufficient to support the conviction, and we have no right to disturb the jury's verdict assessing the extreme penalty.

The judgment is affirmed.

Opinion approved by the court.