Joseph **FERRELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44947.

Court of Criminal Appeals of Texas.

May 17, 1972.

Ray Epps, Houston (Court appointed), for appellant.

Carol S. Vance, Dist. Atty., James Brough and Bob Bennett, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, ninety-nine (99) years.

This case is unique. Appellant claimed he lost his hearing sometime before trial; the State stipulated he could not hear. The only ground of error presented for review is the court's refusal to grant, prior to trial, appellant's motion to provide or appoint a transcribing reporter. The motion stated:

"The defendant moves that this Court hire or provide or appoint a transcribing reporter; i. e., one that can take down the testimony and furnish it to the defendant in longhand during the course of the trial in order that he may know what is being said about him in his death penalty case. This would mean that the court reporter would take down questions and answers and provide them to the defendant for his edification during the trial in order that he may properly assist his court appointed counsel in trying said cause. Further, the court appointed counsel, Ray Epps, needs the reporter in order to furnish the defendant with the questions and answers as taken during the voir dire examination during the trial itself and during arguments, so that the defendant is protected in all of his constitutional rights in his confrontation and cross-examinations of witnesses. In addition, the court appointed counsel needs to communicate with his client during the trial and obviously the only way to communicate would be to write out each question and each answer to the defendant in order to have the proper assistance that is needed in the trial of a case such as this, especially in the death penalty nature."

The court denied the motion but entered the following order:

"It having been brought to the Court's attention that the defendant, Joseph Ferrell is unable to hear, the Court wishes to make it known to both his attorney and the defendant that in the interest of protecting the right of the defendant, the Court will at such time throughout the trial as either the attorney or the de-

fendant desires give either or both an opportunity to discuss trial tactics and the testimony of any all (sic) witnesses in writing as they may feel it is necessary.

"Each is urged to call the Court's attention to their desire in this matter as the same shall arise, that justice may be done."

The record also reflects the following statement by the trial court:

"THE COURT: . . . . Now, Mr. Epps, as I explained to you earlier when you made your motion, the Court will be most lenient, so if you find any questions that you feel or any answers that you feel or both or either that you want to submit to your client, why, the Court will give you ample opportunity to do it, as long as you call it to my attention and let me know."

The appellant does not challenge the sufficiency of the evidence. The facts are not complicated or unusual. The case involves a robbery in which, according to one of the witnesses who had known appellant prior to the robbery, the appellant and two armed companions entered a grocery store, herded all the customers into the cold storage lockers and then shot the deceased, one of the owners of the store. The testimony of the other witness was substantially the same.

Appellant did not testify or offer any evidence in his own behalf.

We are not dealing here with a question of waiver as we were in Williams v. State, 155 Tex.Cr.R. 594, 238 S.W.2d 534, which appellant relies on, but rather with what measures the trial court should take when confronted with a problem such as the case at bar presents. During oral argument appellant's counsel stated that the trial took three weeks and conceded that it would have taken three months to try it if his motion had been granted. While time consumed is not of paramount importance, the absence of complexities requires a swifter administration of justice than the appellant's plan contemplated. The careful trial judge made every possible practical provision to assure the appellant's active participation in his trial. The record contains several examples of notes which the appellant and his very able court-appointed counsel exchanged during the course of the trial and further reflects that counsel made only two requests for recesses in order to discuss the progress of the trial with appellant. There is no evidence that the trial court denied any requests appellant made for recesses. There is no indication that the trial court's ruling handicapped the appellant's participation in the trial, or conversely, that the granting of appellant's motion would have altered its outcome. Further, appellant does not suggest any circumstance or cite any portion of the record where he was specifically harmed.

This case is distinguishable from those involving deaf-mutes [1] or non-English speaking [2] defendants where virtually instant transcription may be provided through hand signals or an interpreter, as the case may be.

We can, therefore, under the circumstances, not conclude that the trial court's ruling was unreasonable.

Finding no reversible error, the judgment is affirmed.

ODOM, J., not participating.

1. Article 38.31, Vernon's Ann.C.C.P.

2. Article 38.30, V.A.C.C.P.