

# The Attorney General of Texas

December 30, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Fred R. Tammen
Executive Director
Texas Commission for the Deaf
P. O. Box 12904, Capitol Station
Austin, Texas    78711

Opinion No.   JM-113

Re:  Meaning of "deaf person"
under the Code of Criminal
Procedure

Dear Mr. Tammen:

You have asked several questions relating to specific articles of the Code of Criminal Procedure that pertain to the use of interpreters for deaf persons.

You first ask whether the term "deaf person" in article 38.22 of that code means the same as the definition of "deaf person" in article 38.31.  We conclude that the definition in article 38.31 applies to the entire Code of Criminal Procedure unless specifically provided otherwise.  Subsection (g) of article 38.31 provides:

> In this Code:
>
> (1)  'Deaf person' means a person who has a hearing impairment, regardless of whether the person also has a speech impairment, that inhibits the person's comprehension of the proceedings or communication with others.

You also ask whether the phrase "a witness who does not understand and speak the English language" as used in article 38.30 refers to a deaf person as defined by article 38.31.  We believe that article 38.30 applies to non-English speaking persons who do not comprehend the language of the forum and that article 38.31 applies to persons with hearing impairments that inhibit their comprehension of proceedings and communications with others.  Watson v. State, 596 S.W.2d 867, 872 (Tex. Crim. App. 1980); Ferrell v. State, 479 S.W.2d 916, 917 (Tex. Crim. App. 1972).  Article 38.30 refers to the interpretation of language other than the English language, and article 38.31 refers to interpretation of proceedings in a manner that a deaf person can understand, including but not limited to sign language.  Statutes should not be construed in a manner that renders some language in a code redundant and superfluous.  See Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963); Eddins-Walcher Butane Company v. Calvert, 298 S.W.2d 93, 96 (Tex. 1957).  By construing article 38.30 to apply to persons who do not have sufficient knowledge of the

English language and article 38.31 to apply to persons with hearing impairments, effect and meaning is given to both articles and neither article is redundant or superfluous.

You next inquire if a court, when notified by a party that a deaf person is appearing as a defendant or witness, has any discretion as to whether a sign language interpreter for the deaf will be appointed to interpret the proceedings. We conclude that, under such circumstances, a court does not have any discretion as to whether an interpreter will be appointed, but does have discretion as to whether it will appoint a person to interpret by the use of sign language or by the use of an alternative method of communication that is more appropriate to a specific deaf person.

The constitutional guarantees of due process in criminal trials include the right of a defendant to confront witnesses against him and the right to assist in his own defense. See U.S. Const. amend. 6; Tex. Const. art. I, §10; Pointer v. Texas, 85 S.Ct. 1065 (1965). In Ferrell v. Estelle, 568 F.2d 1128 (5th Cir. 1978), the Fifth Circuit agreed that a defendant can not exercise the right of cross-examination unless in some manner he is afforded knowledge of the testimony of the witness. We believe that the right to due process also requires the ability to communicate with a deaf witness. The Fifth Circuit concluded that the trial judge has the task of insuring the minimum understanding necessary to the protection of those constitutional rights and has the duty to explore alternative methods of communication that are appropriate for each person and that provide understanding in a manner that is reasonable and not disruptive to the proceedings. Such alternative methods may, for instance, include the use of sign language, finger spelling, lip reading, written communication, or stenographers to provide simultaneous transcriptions, or a combination of those methods, depending on a person's proficiency in the different systems of communication.

It appears that the legislature incorporated the Fifth Circuit decision into the Code of Criminal Procedure. Prior to Ferrell v. Estelle, article 38.31 provided that all deaf defendants were entitled to a qualified interpreter in a criminal prosecution. The following year, 1979, article 38.31 was amended to provide, among other things, that

> [if] the court is notified by a party that the defendant is deaf and will be present at an arraignment, hearing, examining trial, or trial, or that a witness is deaf and will be called at a hearing, examining trial, or trial, the court shall appoint a qualified interpreter to interpret the proceedings in any language that the deaf person can understand, including but not limited to sign language. (Emphasis added).

See 34 Southwestern L.J. 57, 545 (1980).

You also ask if it is within the court's discretion to have a hearing based on article 38.31(a) in which the issue is whether the defendant or witness is a deaf person.  As we already have stated, we believe that, under article 38.31(a), a court does not have any discretion whether to appoint an interpreter when the court is notified by a party that a deaf person will appear as a defendant or witness in a criminal proceeding.  This differs from the appointment of a language interpreter where the court has discretion to determine if the person can understand and speak English when a motion for appointment is filed under article 38.30.  See Syed v. State, 642 S.W.2d 200, 201 (Tex. Civ. App. - Houston [14 Dist.] 1982, no writ); Vargas v. State, 627 S.W.2d 785, 787 (Tex. Civ. App. - San Antonio 1982, no writ).

In 1979, Senate Bill No. 548 of the Sixty-sixth Legislature amended article 38.30 to provide, in part, that

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him.

The same bill added subdivision (10) to article 28.01 of the Code of Criminal Procedure, to provide, in part, that

> The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits . . . .  The pretrial hearing shall be to determine any of the following matters:
>
> . . .
>
> (10)  Motion for appointment of interpreter.

The Sixty-sixth Legislature clearly authorized the court to conduct a pretrial hearing for determination of a motion for appointment of an interpreter for a person who does not understand and speak the English language.  The same session of the legislature amended article 38.31 in a manner that requires appointment of an interpreter for a deaf person when the court is notified by a party that the deaf person will be present and made no provision for a motion to determine if the defendant or witness is, in fact, a deaf person.

Your next question concerns the responsibility for payment of the fees and expenses of sign language interpreters appointed by a court.  The Texas Commission for the Deaf is directed to adopt a schedule of reasonable fees recommended for the payment of interpreters that are

required by law to be provided in court proceedings. See Human Resources Code, §81.0061. All interpreters for the deaf appointed under article 38.31 are entitled to a reasonable fee determined by the court after considering the recommendations of the Commission for the Deaf. Also, all the actual expenses of travel, lodging, and meals incurred by the interpreter pertaining to the case he is appointed to serve shall be paid at the same rate applicable to state employees. See art. 38.31(f). Article 38.31 does not expressly provide the fund from which those payments will be made. Article 38.30, however, expressly provides that language interpreters appointed under that article will be paid fees and expenses "from the general fund of the county." Also, article 3712a(d), V.T.C.S., which relates to interpreters for deaf persons in civil cases, contains the identical provisions as article 38.31(f) for the payment of fees and expenses for interpreters for deaf persons, except that article 3712a(d) also expressly provides that the fees and expenses "shall be paid from the general fund of the county in which the case was instituted." Therefore, we believe that the statutes, when read together, imply that interpreters appointed by the court under article 38.31 to interpret for deaf persons in criminal proceedings are entitled to receive payment of their fees and expenses from the general fund of the county.

Your last question asks the effect under article 38.31(d) of a court's failure to appoint an interpreter as required by that article. Article 38.31(d) provides:

> (d) A proceeding for which an interpreter is required to be appointed under this Article may not commence until the appointed interpreter is in a position not exceeding ten feet from and in full view of the deaf person.

As we have previously indicated, a basic reason that the statutes provide for interpreters is the guarantee of the right of confrontation under the Texas and United States Constitutions. Every person accused of crime is entitled to be tried in accordance with law. Strict conformity with the statutes and constitutions is the only safe guide for a court or magistrate in the protection of such a constitutional right. A failure to comply with any provision of article 38.31 may constitute a denial of the constitutional right of confrontation and, unless the right is knowingly and intelligently waived, may result in reversible error. See Baltierra v. State, 586 S.W.2d 553 (Tex. Crim. App. 1979); Bell v. State, 24 S.W. 418 (Tex. Crim. App. 1893).

## S U M M A R Y

The definition of "deaf person" in article 38.31 applies to the entire Code of Criminal Procedure. A person who does not understand and

speak the English language as used in article 38.30 does not refer to a deaf person as defined by article 38.31. A court, when notified by a party that a deaf person is appearing as a defendant or witness, does not have discretion as to whether an interpreter will be appointed but does have discretion as to an appropriate method of communication for a specific deaf person. The statutes do not provide for a hearing to determine if a defendant or witness is, in fact, a deaf person. Interpreters appointed by the courts for deaf persons are entitled to reasonable fees determined by the court and actual expenses to be paid from the general fund of the county. Failure to comply with the statutes for interpreters for deaf persons may result in a denial of constitutional rights.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton