Opinion filed August 1, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00293-CR

_____

## PRUDENCIO SIFUENTES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 09-4008**

## M E M O R A N D U M   O P I N I O N

Prudencio Sifuentes appeals the trial court's decision to revoke community supervision and adjudicate his guilt for the offense of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Upon adjudication, the trial court assessed punishment at confinement for fifteen years. We affirm.

## I. *Background*

Appellant pleaded guilty to the offense of indecency with a child by sexual contact. In accordance with a plea bargain, the trial court deferred adjudicating Appellant's guilt, placed him on community supervision for ten years, and ordered Appellant to pay court courts as well as a $250 DNA fee.

Several months later, Appellant missed at least two counseling sessions required under the terms of his community supervision order; he also failed to pay the required DNA fee. The State moved to adjudicate his guilt based on those two grounds; Appellant pleaded "not true." After a hearing, the trial court found the allegations to be true, and it revoked Appellant's community supervision, adjudicated him guilty of the offense of indecency with a child by sexual contact, assessed his punishment at confinement for fifteen years, and sentenced him accordingly.

## II. *Issues on Appeal*

Appellant has asserted three issues on appeal. First, Appellant argues that the trial court erred in not appointing him an interpreter during the adjudicative hearing. Second, Appellant argues that defense counsel was ineffective because he presented no evidence regarding Appellant's comprehension difficulties and did not request that the court appoint an interpreter. Third, Appellant argues that he was unable to comply with the requirements to attend counseling and pay the DNA fee and was prevented from presenting this defense due to a language barrier.

### A. *Necessity for an Interpreter*

In a criminal proceeding, a defendant has a right to an interpreter upon either party's motion or the court's motion if it is determined that the defendant does not understand or speak English. TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (West Supp. 2012); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896); *Garcia v. State*, 149 S.W.3d 135, 140–41 (Tex. Crim. App. 2004); *Baltierra v. State*, 586

S.W.2d 553, 557 (Tex. Crim. App. 1979); *Ex parte Marez*, 464 S.W.2d 866, 867 (Tex. Crim. App. 1971); *Garcia v. State,* 210 S.W.2d 574, 601 (Tex. Crim. App. 1948). Whether the defendant needs an interpreter to understand the proceedings and to assist in his defense is a matter within the trial court's discretion. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). When determining whether the trial court took adequate steps to ensure that a defendant sufficiently understands the criminal proceedings against him and to ensure that he is able to assist in his defense, we review the record for an abuse of discretion. *Linton v. State*, 275 S.W.3d 493, 502 (Tex. Crim. App. 2009).

If a defendant needs an interpreter, the trial court must be made aware of that need. *Garcia*, 149 S.W.3d at 140–41; *Baltierra*, 586 S.W.2d at 559. In *Baltierra*, a court interpreter at the arraignment hearing informed the court that the defendant needed an interpreter. *Baltierra*, 586 S.W.2d at 555. The trial court appointed a defense counsel who could converse with defendant in her native language but did not appoint an interpreter for subsequent court proceedings. *Id.* at 555–56. The Court of Criminal Appeals held that the trial court's failure to appoint an interpreter for all court proceedings violated the Confrontation Clause of the Sixth Amendment to the United States Constitution and reversed and remanded the case. *Id.* at 559.

This case is factually distinguishable. The record does not reflect that Appellant had any such difficulty and does not reveal any facts indicating that the trial court should have been aware that Appellant had difficulty understanding the English language. In fact, the record affirmatively shows the opposite.

At the plea hearing, Appellant was represented by counsel and answered in English all questions put to him. In addition, Appellant signed all of the community supervision documents and agreed to the terms of the community supervision order, and his counsel never requested an interpreter. Likewise, the

record reflects that Appellant communicated with probation officers, counselors, and others in English.

At his adjudicative hearing, Appellant again failed to inform the trial court that he could not understand English. In fact, he told the trial court that he understood "pretty well" what was happening. When questioned by the trial court and counsel, Appellant was able to understand and answer the questions. After reviewing the record, we conclude that Appellant failed to make the trial court aware of any difficulty he had in understanding the English language.

Although Appellant argues that the record shows that he struggled to hear, the inability to hear does not indicate to the trial court whether a person has an understanding of the English language. Appellant also contends that the record shows that he struggled to understand English during counseling sessions. When asked about his understanding, Appellant told the court that he did not understand much "because they talk in different—I mean in higher English than what I know. Part of it, I don't understand what they're talking about, like high, low, denial, and all that stuff. I don't know what that is. I still don't." Evidence that Appellant struggled to understand psychology concepts during counseling sessions does not show, however, that he struggled to understand the English language at trial. Considering that Appellant testified in English and never indicated a lack of understanding at any of the hearings, there is nothing to show that the trial court should have been aware of Appellant's alleged inability to understand the English language. Appellant's first issue is overruled.

*B. Ineffective-Assistance-of-Counsel Claim*

Appellant argues in his second issue that court-appointed counsel at the adjudicative hearing was ineffective in presenting his defense because counsel did not ask for an interpreter. The test for a complaint of ineffective assistance of counsel is whether counsel's conduct "so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, (1984). The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Id.* at 687.

For the performance standard, we must determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687. There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Isham v. State*, 258 S.W.3d 244, 250 (Tex. App.— Eastland 2008, pet. ref'd). To overcome this deferential presumption, an allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record contains no direct evidence of counsel's reasons for the challenged conduct, we "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). We "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

For the prejudice standard, we determine whether there is a reasonable probability that the outcome would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland*, 466 U.S. at 686; *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005). The reasonable probability must rise to the level it undermines confidence in the outcome of the trial. *Isham*, 258

S.W.3d at 250. A reviewing court need not consider both prongs of the *Strickland* test and can dispose of an ineffectiveness claim if the defendant fails to demonstrate sufficient prejudice. *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (citing *Strickland*, 466 U.S. at 697).

In Appellant's case, his counsel's alleged failure to request an interpreter did not prejudice Appellant's case because, as we have already discussed, the record does not show that Appellant could not converse and understand the proceedings in English. Defense counsel questioned Appellant in English, and he responded in English. At no time did Appellant ever suggest to the court that he could not understand what was going on or that he could not understand his counsel's questions. Likewise, Appellant did not request an interpreter when he was questioned by the State. Appellant answered the questions asked, and if he did not understand, he was given an opportunity to answer revised questions.

Appellant has not shown that his trial counsel's representation fell below an objective standard of reasonableness. Just as the trial court was not on notice of any inability to understand the English language, neither does the record show that Appellant's attorney was aware of any such misunderstanding. Appellant has failed to meet the first prong of *Strickland*. Even if we were to conclude that Appellant satisfied the first prong, he has not shown harm. Appellant's second issue is overruled.

*C. Appeal of Probation Term*

In his third issue, Appellant contends that he failed to attend sex-offender counseling sessions and failed to pay the required fee because of an inability to pay, but argues that he was unable to develop this defense because of a "language barrier." Appellant argues that "non-compliance *could have been due* to the Appellant not affording the counseling" and that the testimony "seemed" to

indicate "that the classes cost money and he did not have any money" (emphasis added).

When the State alleges that a defendant has violated a condition of community supervision that the trial court has imposed in an order of deferred adjudication, the defendant is entitled to a hearing before the trial court determines whether to adjudicate guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). We review a trial court's order in which the trial court revoked community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). We review a trial court's decision to adjudicate guilt in the same manner that we review the decision to revoke community supervision after a finding of guilt and suspended sentence. *Id.*; *Connolly v. State*, 983 S.W.2d 738, 745 n.11 (Tex. Crim. App. 1999).

The trial judge is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). We review the evidence in the light most favorable to the trial court's ruling. *Id.* The State must prove a violation of the conditions of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). Proof by a preponderance of the evidence of a single alleged violation of a condition of community supervision sufficiently supports a revocation order. CRIM. PROC. art. 42.12, § 21(b); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). If the State fails to meet the burden of proof, the trial court's decision to revoke community supervision is an abuse of discretion. *Cardona*, 665 S.W.2d at 493–94. Our review is limited to an assessment of legal sufficiency because reviewing "for factually sufficient evidence is inappropriate given the trial court's wide discretion and the unique

nature of community supervision revocation proceedings." *Antwine*, 268 S.W.3d at 637.

Community supervision is the suspension of the sentence or an arrangement in lieu of the sentence. CRIM. PROC. art. 42.12, § 3(a). In *Speth v. State*, the Texas Court of Criminal Appeals held that community supervision is not a right, but a privilege that includes contractual obligations. *Speth v. State*, 6 S.W.3d 530, 531 (Tex. Crim. App. 1999). The trial court's agreement to enter a community supervision order includes a set of agreed-upon contractual obligations that the defendant must perform; if the defendant does not object to those terms, then such objections are waived. *Id.* at 535.

Although Appellant cites to testimony that indicates he may not have attended counseling sessions or paid the required fee because of an inability to pay, his community supervision officer testified to other reasons. The officer told the trial court that Appellant had admitted to him that he had missed his counseling sessions because he had transportation problems and because he did not think the counseling was beneficial. This evidence supports the trial court's conclusion that Appellant violated a condition of community supervision. Because evidence of one violation is sufficient to support a revocation order, we conclude that the trial court did not abuse its discretion in proceeding to adjudicate Appellant's guilt. *See* CRIM. PROC. art. 42.12, § 21(b); *Moore*, 605 S.W.2d at 926. His final issue is overruled.

## III. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 1, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.